# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LANE EBERSOLE,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>SOCIAL SECURITY ADMINSITRATION, et al.,<br><br>　　　　Defendants. | Case No.: 1:18-cv-01002- --- -JLT<br><br>ORDER DIRECTING THE CLERK OF COURT TO ASSIGN A UNITED STATES DISTRICT JUDGE TO THE ACTION<br><br>FINDINGS AND RECOMMENDATIONS DISMISSING THE ACTION WITHOUT PREJUDICE |

Lane Ebersole requested to proceed *in forma pauperis* in this action for judicial review of an ALJ's decision to denying her application for Social Security benefits. Because Plaintiff has failed to comply with the Local Rules and failed to prosecute this action, the Court recommends the matter be **DISMISSED** without prejudice.

**I.  Background**

Plaintiff initiated this action by filing a complaint on July 26, 2018, by filing a complaint and a motion to proceed *in forma pauperis*. (Doc. 1, 2) On July 30, 2018, the Court reviewed Plaintiff's application to proceed *in forma pauperis*, and determined the information provided was insufficient to determine whether Plaintiff satisfies the requirements of 28 U.S.C. § 1915(a). (*See* Doc. 3 at 1) Thus, the Court ordered Plaintiff to file an application including additional information. (*Id.*) However, the Court's order was returned as undeliverable on August 3, 2018. To date, Plaintiff's address remains unknown, because she has not filed a "Notice of Change of Address" with the Court.

1

## II. Requirements of the Local Rules

Pursuant to Local Rule 183(b), a party appearing in propria persona is required to keep the Court apprised of his current address: "If mail directed to a plaintiff in propria persona by the Clerk is returned by the U.S. Postal Service, and if such plaintiff fails to notify the Court and opposing parties within sixty-three (63) days thereafter of a current address, the Court may dismiss the action without prejudice for failure to prosecute." LR 183(b). Because more than 63 days have passed since the document was returned as undeliverable, she has failed to comply with the Local Rules.

## III. Discussion and Analysis

"District courts have inherent power to control their dockets," and in exercising that power, a court may impose sanctions including dismissal of an action. *Thompson v. Housing Authority of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action with prejudice, based on a party's failure to prosecute an action or failure to obey a court order, or failure to comply with local rules. *See, e.g., Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 2995) (dismissal for failure to comply with local rules); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

In determining whether to dismiss an action for failure to prosecute, failure to comply with the Local Rules, or failure to obey a court order, the Court must consider several factors, including: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Henderson*, 779 F.2d at 1423-24; *see also Ferdik*, 963 F.2d at 1260-61; *Thompson*, 782 F.2d at 831.

In the case at hand, the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket weigh in favor of dismissal. *See Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999) ("The public's interest in expeditious resolution of litigation always favors dismissal"); *Ferdik*, 963 F.2d at 1261 (recognizing that district courts have inherent interest in managing their dockets without being subject to noncompliant litigants). Judges in the Eastern District of California carry one of the heaviest caseloads in the nation, and this Court cannot, and will not hold,

this action in abeyance based upon Plaintiff's failure to prosecute or notify the Court of a change in address. Further, the policy favoring disposition of cases on their merits is outweighed by the factors in favor of dismissal. No lesser sanction is feasible given the Court's inability to communicate with Plaintiff.

**IV.    Order**

Good cause appearing, the Clerk of Court is **DIRECTED** to assign a United States District Judge to this action.

**V.    Findings and Recommendations**

Plaintiff has failed to follow the requirements of the Local Rules and failed to prosecute this action through not communicating with the Court. As set forth above, the factors set forth by the Ninth Circuit weigh in favor of dismissal of the matter. Accordingly, the Court **RECOMMENDS**:

1.    This action be **DISMISSED** without prejudice; and

2.    The Clerk of Court be directed to close this action.

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within fourteen days after being served with these Findings and Recommendations, Plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991); *Wilkerson v. Wheeler*, 772 F.3d 834, 834 (9th Cir. 2014).

IT IS SO ORDERED.

Dated:    **October 10, 2018**          **/s/ Jennifer L. Thurston**
UNITED STATES MAGISTRATE JUDGE

3